UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WESTERN SURETY COMPANY,<br><br>            Plaintiff,<br>v.<br><br>LEO CONSTRUCTION, LLC, DAVID B. GREENFIELD, SHARON M. GREENFIELD, ROBERT S. CARLSON, AND MARION T. CARLSON,<br><br>            Defendants. | 3:12 - CV - 1190 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

**I.     INTRODUCTION**

Plaintiff Western Surety Company ("Western") has brought this indemnity action against Leo Construction, LLC ("Leo"), a contractor and limited liability company, and four individual defendants, David B. Greenfield, Sharon M. Greenfield, Robert S. Carlson, and Marion T. Carlson. In particular, Western seeks indemnity from each and all of the named defendants for obligations Western has incurred pursuant to "Performance and Labor and Material Payment Bonds" (the "Bonds") it issued on December 21, 2009, to enable Leo to perform construction under a contract with the Housing Authority of the City of New Haven. Doc. #1, ¶11. As a condition of Western's issuance of said Bonds, Leo "executed a General Agreement of Indemnity ("GAI") wherein Leo agreed to indemnify Western for any loss, cost or expense incurred by virtue of having written the Bonds." *Id.*, ¶12. Similarly, the individual defendants executed the GAI, individually agreeing to indemnify Western from any such loss, cost or expense arising under the Bonds. *Id.*, ¶13.

1

According to Western, "[i]n connection with the Bonds, claims and demands have been filed against Western," payment of which, in conjunction with "costs for consultants and attorneys," have totaled in excess of $251,799.78. *Id.*, ¶14.  Despite Western's demands for indemnity under the GAI, defendants have failed and refused "to make payment or deposit collateral security with Western sufficient to cover the indemnity obligations of the defendants in connection with the Bonds." *Id.*, ¶16.  Western thus prays for monetary damages, interest, costs, attorney's fees, and "[s]uch other further legal or equitable relief as the court deems appropriate." *Id.*, p. 5.

In its Complaint, Western has asserted that this Court has subject matter jurisdiction based on diversity of citizenship. Doc. #1, ¶7 (Jurisdiction and Venue). *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States").[1]  As set forth below, however, Western has failed to allege sufficient facts to establish that such diversity of citizenship exists.  The Court therefore mandates confirmation of the citizenship of all parties.[2]

## II.   **DISCUSSION**

A federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it.  If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party

---

[1] The element of jurisdictional amount is satisfied.  As set forth *supra*, Western seeks damages well in excess of $75,000. Doc. #1, ¶14 (alleging damages exceeding $251,799.78).

[2] Plaintiff's Complaint alleges no facts or circumstances that potentially give rise to a federal claim arising under the Constitution or federal statute.  Therefore, no "federal question" subject matter jurisdiction may be found under 28 U.S.C. § 1331.

has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). The court must "review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction." *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time)).

In general, if subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See, e.g., Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) . Moreover, "[i]n an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).

In the Complaint in suit, Western alleges that it is "a South Dakota corporation" which "has been licensed to do business in the State of Connecticut." *Id.*, ¶1.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Western has failed to specify whether South Dakota is its sole state of incorporation.  Also, Western has failed to provide the location of its principal place of business.

Next, with respect to defendant Leo, Western alleges that Leo is "a Connecticut limited liability company with its principal place of business [located] in Bridgeport, Connecticut."  Doc. #1, ¶2.  However, "[t]he citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*."  *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267  (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006).  Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members."  *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction).[3]  Western has failed to provide the identities and citizenship of each of Leo's members.  Citizenship of each member must be known to insure that complete diversity exists in this action.

Lastly, regarding the four individual defendants, Western has alleged that two are residents of Stratford, Connecticut, and two are residents of Easton, Connecticut.  Doc. #1, ¶¶ 3-6.  With

---

[3]  *See also  City of New York v. Mickalis Pawn  Shop, LLC*,  645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000), as the appropriate "test for determining the citizenship of a limited-liability company").

respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). *See also John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens").

"In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – *i.e,* "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). *See also Palazzo*, 232 F.3d at 42; 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). Although an individual may have several residences, he or she can have only one domicile.[4] *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (for jurisdictional purposes, "'[d]omicile' is not necessarily synonymous with 'residence,'" and "one can reside in one place but be domiciled in another") (citations omitted).

Western has alleged residency of each individual defendant without establishing his or her citizenship. The latter may not be inferred from the former. *See Realty Holding Co. v. Donaldson*,

---

[4]  The United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). "[S]uch place of abode becomes his residence . . . ." *Id*. The test for residency is thus less stringent than the "more rigorous domicile test." *Id*. For example, "residency" may be taken up for personal or business reasons and may be permanent for only a period of time. *Id.*

268 U.S. 398, 399 (1925). Accordingly, the citizenship of the individual defendants must be confirmed.

### III.   CONCLUSION

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS each party to establish, by affidavit , citizenship for diversity purposes as of the date this action was commenced, August 15, 2012.  Specifically,  plaintiff Western is hereby ORDERED to submit an affidavit listing all states in which it was incorporated and the location of its principal place of business.

Limited liability company Leo is ORDERED to submit an affidavit explicitly setting forth the identities and state(s) of citizenship of each of its members as of August 15, 2012.

Each of the four individual defendants is ORDERED to submit an affidavit indicating his/her state of citizenship at the commencement of the action. Specifically, each individual must declare: (1) the state in which he/she was *domiciled* and principally established or his/her "true fixed home" and (2) the names, if any, of other states in which he or she had a  residence.  If there are additional states in which a residence was maintained, the affidavit must further provide: (a) the location of all such residences kept and (b) the approximate length of time spent at each residence.

All parties shall file and serve their affidavits regarding citizenship on or before **September 26, 2012.**  All case deadlines shall be stayed pending the Court's review of the affidavits.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice

to Western's filing, if so advised, in an appropriate jurisdiction.

It is SO ORDERED.

Dated: New Haven, Connecticut
August 29, 2012

*/s/Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge